

**Bennett, Giuliano, McDonnell & Perrone, LLP**
Attorneys for Plaintiff PCL (Shipping) Pte. Ltd.
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:   (646) 329-0120
Facsimile:   (646) 328-0121
William R. Bennett, III (WB 1383)
wbennett@bgmplaw.com
Erika M. Achtziger (EA 1954)
eachtziger@bgmplaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
PCL (SHIPPING) PTE LTD.,

                              09-CV-

    Plaintiff,

  - against -                   **VERIFIED COMPLAINT**

STAR SHIPPING A/S and
GRIEG STAR SHIPPING A/S

    Defendants.
-----------------------------------------------------------------------X

    Plaintiff, PCL (SHIPPING) PTE LTD., by its attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, complaining of the defendants STAR SHIPPING A/S and GRIEG STAR SHIPPING A/S, herein, alleges upon information and belief as follows:

    1.  This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully appears, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

    2.  At all times hereinafter mentioned, Plaintiff, PCL (SHIPPING) PTE LTD. (hereinafter "PCL"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of Singapore, with an office and principal place of business in Singapore.

3. At all times hereinafter mentioned, defendant STAR SHIPPING A/S, (hereinafter "STAR"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business in Bergen, Norway.

4. At all times hereinafter mentioned, defendant GRIEG STAR SHIPPING A/S, (hereinafter "GRIEG"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country, with an office and principal place of business in Bergen, Norway.

5. On or about October 5, 2007, PCL, STAR, and GRIEG entered into a maritime contract, commonly referred to as a charterparty, for the employment of the Vessel M/V ERO L (hereinafter the "VESSEL").

6. Pursuant to the charterparty, the earliest date that STAR and GRIEG were entitled to redeliver the Vessel M/V ERO L was February 7, 2008.

7. STAR and GRIEG were also required to give 25 days notice before redelivering the Vessel.

8. STAR and GRIEG redelivered the Vessel on July 15, 2008.

9. Part of PCL's damages are calculated by comparing the charterparty rate of US $62,500.00 per day and the daily hire rate of US $36,448.00 PCL was able to negotiate to mitigate its damages. To date its damages total US $561,300.00.

10. In addition, PCL incurred losses because it had to pay the head charter hire for the additional days the Vessel was used to complete the alternative mitigating fixture. The damage was the difference between the head charter rate of $55,000 per day and the daily rate for the mitigating alternative mitigating fixture of $36,448 for 12.49 days or $231,714.00.

11. PCL has suffered damages, to date, totaling US $793,014.00.

12. This action is brought *inter alia* pursuant to 9 U.S.C. § 8 in order to obtain security for plaintiff claims made or to be made in another jurisdiction.

13. The charterparty provides for London Arbitration with English law to apply.

14. Plaintiff will commence arbitration and/or other legal proceedings against the Defendant in accordance with the terms of the Court's Order.

15. As a regular feature of English law and London arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the plaintiff's main claim in admiralty and the amount sued for herein.

16. Plaintiff estimates, as nearly as can presently be computed, that the recoverable legal expenses and costs of prosecuting its claims in London arbitration will be $100,000. Interest anticipated to be awarded is estimated to be $44,000 (calculated at the rate of 5% per year for a period of 1 year, the estimated time for completion of the arbitration proceedings on the base amount of $793,014).

17. In all, the claim for which plaintiff PCL sues for breach of the contract of charter party, as near as presently may be estimated, totals $937,014.00, no part of which has been paid by defendant. Plaintiff specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure plaintiff.

18. Defendants routinely demand payment in U.S. Dollars and through New York financial institutions.

19. Upon information and belief, and after investigation, defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty

and Maritime Claims, but defendants will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendants (collectively hereinafter, "ASSETS"), including but not limited to in its name and/or being transferred for its benefit funds, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein because the defendant conducts business internationally in U.S. Dollars and all electronic funds transfers are processed by intermediary banks in the United States primarily in New York.

20.     The total amount sought to be attached pursuant to the above is $937,014.00.

**WHEREFORE,** Plaintiff prays:

1.     That process in due form of law according to the practice of this Court may issue against defendants citing them to appear and answer the foregoing;

2.     That if Defendants cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendants up to and including US $937,014.00 be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, frights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendants, including but not limited to assets in their names and/or being transferred for their benefit, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein, including, but not limited to, ABN

AMRO Bank, Bank Leumi USA, Bank of America, N.A., Bank of China, Bank of New York, Bank of Tokyo –Mitsubishi JFJ Ltd., Barclays Bank, BNP Paribas, Citibank, N.A., Deutsche Bank USA, Fortis Bank, HSBC Bank USA, N.A., JP Morgan Chase Bank, N.A., Malayan Banking Berhad, Overseas Chinese Banking Corporation, Royal Bank of Scotland, Standard Chartered Bank, United Overseas Bank, and Wachovia Bank, N.A.

3. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the defendant in the London proceedings; and,

4. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
October 6, 2009

                                Bennett, Giuliano, McDonnell & Perrone, LLP
                                Attorneys for Plaintiff PCL (Shipping) Pte Ltd.

                                *[signature]*

                                William R. Bennett, III
                                494 Eighth Avenue, 7th Floor
                                New York, New York 10122
                                Telephone: (646) 328-0120
                                Facsimile: (646) 328-0121
                                wbennett@bgmplaw.com

## ATTORNEY VERIFICATION

WILLIAM R. BENNETT, III, being duly sworn, deposes and says as follows:

1.  I am a partner with the law firm of Bennett, Giuliano, McDonnell & Perrone, LLP, attorneys for plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.  The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.  The reason this verification is made by an attorney and not by the plaintiff is because the plaintiff is a foreign entity, none of whose officers are presently within this Judicial district

_____
William R. Bennett, III

Sworn and subscribed to before me
this 7th day of October 2009

_____
Notary Public
ERIKA M. ACHTZIGER
Notary Public, State of New York
No. 02AC6199189
Qualified in SUFFOLK County
Commission Expires 1/05/2013

Z:\Casework\D Cases\D942 Star Shipping\Pleadings\Verified Complaint -100509.doc

6